JUDGE NATHAN

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CANON INC.,<br><br>Plaintiff,<br><br>v.<br><br>ASTER GRAPHICS, INC.; JIANGXI YIBO E-TECH CO., LTD.; and ASTER GRAPHICS CO., LTD.,<br><br>Defendants. | 14 CV 0537<br>Case No.: _____<br><br>JURY TRIAL DEMANDED<br> |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Canon Inc. ("Plaintiff" or "Canon"), for its Complaint against Defendants Aster Graphics, Inc., Jiangxi Yibo E-tech Co., Ltd., and Aster Graphics Co., Ltd. (collectively, "Defendants" or "Aster"), hereby alleges as follows:

### Related Actions

1.  This action is related to several other actions being filed concurrently in this Court. Specifically, Canon is filing complaints against other defendants, which complaints allege infringement of one or more of the same patents asserted herein.

### The Parties

2.  Canon is a corporation duly organized and existing under the laws of Japan. Its principal place of business is located at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan. Canon's wholly-owned domestic subsidiary, Canon U.S.A., Inc., maintains its principal place of business in Melville, New York.

3. On information and belief, Aster Graphics, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 540 S. Melrose Street, Placentia, California 92870. On information and belief, Aster Graphics, Inc. conducts activities via the Internet at least as *www.aster-usa.com*.

4. On information and belief, Jiangxi Yibo E-tech Co., Ltd. is a corporation organized and existing under the laws of China, with its principal place of business located at No. 756 Feiyu Avenue, Xinyu Hi-Tech Industry Development Area, Xinyu City, Jiangxi, 338004, China. On information and belief, Jiangxi Yibo E-tech Co., Ltd. manufactures the toner cartridges accused of infringement in this action.

5. On information and belief, Aster Graphics, Inc. and Jiangxi Yibo E-tech Co., Ltd. are subsidiaries of Aster Graphics Co., Ltd., a corporation organized and existing under the laws of China, with its principal place of business located at No. A22-23, Bld. D1, Phase VIII, New Town, Agile Garden, Sanxiang, Zhongshan, Guangdong, 528463, China. On information and belief, Aster Graphics Co., Ltd. conducts activities via the Internet at least as *www.goaster.com*, and is the owner of the domain names *aster-usa.com* and *goaster.com*.

6. On information and belief, Aster Graphics, Inc., Jiangxi Yibo E-tech Co., Ltd., and Aster Graphics Co., Ltd. are all under common direction and control and are all part of the "Aster Group."

### Jurisdiction and Venue

7. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants under at least N.Y. C.P.L.R. § 302(a)(1)-(2) in that each Defendant has, directly or through intermediaries, committed acts within New York giving rise to this action and/or has established minimum contacts with New York such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

9. Venue is proper under 28 U.S.C. §§ 1391(b) and (c).

### Canon's Patents-in-Suit

10. On March 13, 2012, United States Patent No. 8,135,304 ("the '304 patent"), titled "Process Cartridge Having Regulating Portions and an Inclineable Coupling Member," duly and legally issued to Canon as assignee of the inventors, Daisuke Abe and Masanari Morioka. A true copy of the '304 patent is attached hereto as Exhibit 1.

11. On October 2, 2012, United States Patent No. 8,280,278 ("the '278 patent"), titled "Process Cartridge, Electrophotographic Image Forming Apparatus, and Electrophotographic Photosensitive Drum Unit," duly and legally issued to Canon as assignee of the inventors, Takahito Ueno, Shigeo Miyabe, Masanari Morioka, and Masato Hisano. A true copy of the '278 patent is attached hereto as Exhibit 2.

12. On February 5, 2013, United States Patent No. 8,369,744 ("the '744 patent"), titled "Process Cartridge Including a Photosensitive Drum for an Electrophotographic Image Forming Apparatus," duly and legally issued to Canon as assignee of the inventors, Naoya Asanuma, Masanari Morioka, Ryosuke Nakazawa, Teruhiko Sasaki, and Masato Hisano. A true copy of the '744 patent is attached hereto as Exhibit 3.

13. On September 10, 2013, United States Patent No. 8,532,533 ("the '533 patent"), titled "Rotational Force Transmitting Part," duly and legally issued to Canon as assignee of the

inventors, Takahito Ueno, Shigeo Miyabe, Masanari Morioka, and Masato Hisano. A true copy of the '533 patent is attached hereto as Exhibit 4.

14. On October 22, 2013, United States Patent No. 8,565,640 ("the '640 patent"), titled "Dismounting and Mounting Methods for Coupling and Electrophotographic Photosensitive Drum Unit," duly and legally issued to Canon as assignee of the inventors, Yoshiyuki Batori and Nobuyoshi Hara. A true copy of the '640 patent is attached hereto as Exhibit 5.

15. On January 14, 2014, United States Patent No. 8,630,564 ("the '564 patent"), titled "Process Cartridge, Electrophotographic Image Forming Apparatus, and Electrophotographic Photosensitive Drum Unit," duly and legally issued to Canon as assignee of the inventors, Takahito Ueno, Shigeo Miyabe, Masanari Morioka, and Masato Hisano. A true copy of the '564 patent is attached hereto as Exhibit 6.

16. On April 30, 2013, United States Patent No. 8,433,219 ("the '219 patent"), titled "Cartridge, Mounting Method for Coupling Member, and Disassembling Method for Coupling Member," duly and legally issued to Canon as assignee of the inventors, Shigeo Miyabe, Takahito Ueno, and Atsushi Takasaka. A true copy of the '219 patent is attached hereto as Exhibit 7.

17. On May 7, 2013, United States Patent No. 8,437,669 ("the '669 patent"), titled "Electrophotographic Image Forming Apparatus, Developing Apparatus, and Coupling Member," duly and legally issued to Canon as assignee of the inventors, Masanori Morioka, Shigeo Miyabe, and Takahito Ueno. A true copy of the '669 patent is attached hereto as Exhibit 8.

18. On July 23, 2013, United States Patent No. 8,494,411 ("the '411 patent"), titled "Cartridge, Mounting Method for Coupling Member, and Disassembling Method for Coupling Member," duly and legally issued to Canon as assignee of the inventors, Shigeo Miyabe, Takahito Ueno, and Atsushi Takasaka. A true copy of the '411 patent is attached hereto as Exhibit 9.

## Defendants' Infringing Activities

19. On information and belief, Defendants are engaged in the business of selling and/or offering to sell within the United States and/or importing into the United States replacement toner cartridges for use in one or more of the Canon and Hewlett-Packard ("HP") monochrome laser beam printers listed in the table below, which toner cartridges and/or components contained therein (*e.g.*, drum units) are covered by one or more claims of each of the '304, '278, '744, '533, '640, and '564 patents.

| Canon/HP Monochrome Laser Beam Printers | Compatible Canon/HP Cartridges |
| --- | --- |
| Canon imageCLASS LBP6300dn, LBP6650dn, LBP6670dn, MF5850dn, MF5880dn, MF5950dw, MF5960dn, MF6160dw, and MF6180dw | Canon Cartridge 119/119 II |
| Canon imageCLASS D1120, D1150, D1170, D1180, D1320, D1350, and D1370 | Canon Cartridge 120 |
| Canon imageCLASS LBP6780dn | Canon Cartridge 324 II |
| Canon imageRUNNER LBP3560 and LBP3580 | Canon GPR-40 |
| Canon imageRUNNER LBP3470 and LBP3480 Canon LASER CLASS 650i | Canon GPR-41 |

| Canon/HP Monochrome Laser Beam Printers | Compatible Canon/HP Cartridges |
|---|---|
| HP LaserJet Enterprise P3015d, P3015dn, P3015n, and P3015x | HP CE255A/X |
| HP LaserJet Enterprise 500 MFP M525f and M525dn | |
| HP LaserJet Enterprise flow MFP M525c | |
| HP LaserJet Pro M521dn Multifunction Printer | |
| HP LaserJet P3010 | |
| HP LaserJet P2035, P2055d, P2055dn, P2033, P2034, P2036, P2037, P2033n, P2034n, P2035n, P2036n, P2037n, P2053d, P2053dn, P2053x, P2054d, P2054dn, P2054x, P2055, P2055x, P2056d, P2056dn, P2056x, P2057d, P2057dn, P2057x | HP CE505A |
| HP LaserJet P2055d, P2055dn, P2053d, P2053dn, P2053x, P2054d, P2054dn, P2054x, P2055, P2055x, P2056d, P2056dn, P2056x, P2057d, P2057dn, P2057x | HP CE505X |

20. Non-limiting examples of infringing monochrome toner cartridges sold by Defendants are the AC-C0119XC, AC-H0255AC, AC-H0280AC, AC-H0505AC, CE505A-C, PT119HY, PT120, PTCE255A, PTCF280A, and VTCE505A, at least some of which, on information and belief, have been sold within this judicial district at least through third-party websites such as *www.provantage.com*, *www.suppliesguys.com*, and *www.suppliesoutlet.com*.

21. On information and belief, Defendants also are engaged in the business of selling and/or offering to sell within the United States and/or importing into the United States replacement toner cartridges for use in one or more of the HP color laser beam printers listed in the table below, which toner cartridges are covered by one or more claims of each of the '219, '669, and '411 patents.

| HP Color Laser Beam Printers | Compatible HP Cartridges |
|---|---|
| HP LaserJet Pro 100 MFP M175nw | HP CE310A (K) |
|  | HP CE311A (C) |
| HP LaserJet Pro CP 1025nw | HP CE312A (Y) |
|  | HP CE313A (M) |

22.  Non-limiting examples of infringing color toner cartridges sold by Defendants are the AC-H0310K, AC-H0311C, AC-H0312Y, AC-H0313M, CHCE310A, CHCE311A, CHCE312A, and CHCE313A, which, on information and belief, have been sold within this judicial district at least through third-party websites such as *www.suppliesguys.com* and *www.suppliesoutlet.com*.

23.  On information and belief, Defendants purposefully direct sales and offers for sale of their toner cartridges, including those specifically identified above, toward the state of New York, including this district, as shown, for example, by the "Aster Ground Shipping Map" found at Defendants' website, specifically *http://aster-usa.com/view/service/shipping.jsp*, reproduced below.



24. On information and belief, Defendant Jiangxi Yibo E-tech Co., Ltd. manufactures toner cartridges, including those specifically identified above, and sells and/or provides at least some of them to Defendant Aster Graphics Co., Ltd., knowing that Aster Graphics Co., Ltd. sells and/or provides at least some of such toner cartridges to Defendant Aster Graphics, Inc. for sales directed toward the state of New York, including this district.

25. On information and belief, Defendants maintain established distribution channels among China, Hong Kong, and the United States and within the United States that permit Defendants to ship toner cartridges, including those specifically identified above, to the state of New York, including this district.

### First Cause of Action: Infringement of U.S. Patent No. 8,135,304

26. Canon repeats and incorporates by reference each and every allegation of paragraphs 1 through 25 of this Complaint, as though set forth here in their entirety.

27. Canon is the sole owner of the entire right, title, and interest in and to the '304 patent, including the right to sue and recover for any and all infringements thereof.

28. Defendants are directly infringing the '304 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges for use in the Canon and HP monochrome laser beam printers listed above, including but not limited to the aforementioned AC-C0119XC, AC-H0255AC, AC-H0280AC, AC-H0505AC, CE505A-C, PT119HY, PT120, PTCE255A, PTCF280A, and VTCE505A cartridges. Defendants also are indirectly infringing the '304 patent at least by virtue of their inducement of direct infringement of the '304 patent by customers who use Defendants' toner cartridges in the Canon and HP monochrome laser beam printers listed above. At the very latest, Defendants will be given notice of their infringement of the '304 patent upon receiving a copy of this Complaint. Further,

on information and belief, Defendants knowingly induce customers to use their toner cartridges, including, for example, by promoting their cartridges for use in specific printers and/or providing customers with instructions for using their cartridges in those printers.

29.     By reason of Defendants' infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

30.     Defendants' acts complained of herein are damaging and will continue to damage Canon irreparably. Canon has no adequate remedy at law for these wrongs and injuries. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendants from infringing the claims of the '304 patent.

## Second Cause of Action: Infringement of U.S. Patent No. 8,280,278

31.     Canon repeats and incorporates by reference each and every allegation of paragraphs 1 through 30 of this Complaint, as though set forth here in their entirety.

32.     Canon is the sole owner of the entire right, title, and interest in and to the '278 patent, including the right to sue and recover for any and all infringements thereof.

33.     Defendants are directly infringing the '278 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges for use in the Canon and HP monochrome laser beam printers listed above, including but not limited to the aforementioned AC-C0119XC, AC-H0255AC, AC-H0280AC, AC-H0505AC, CE505A-C, PT119HY, PT120, PTCE255A, PTCF280A, and VTCE505A cartridges. Defendants also are indirectly infringing the '278 patent at least by virtue of their inducement of direct infringement of the '278 patent by customers who use Defendants' toner cartridges in the Canon and HP monochrome laser beam printers listed above. At the very latest, Defendants will be given notice of their infringement of the '278 patent upon receiving a copy of this Complaint. Further,

on information and belief, Defendants knowingly induce customers to use their toner cartridges, including, for example, by promoting their cartridges for use in specific printers and/or providing customers with instructions for using their cartridges in those printers.

34.     By reason of Defendants' infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

35.     Defendants' acts complained of herein are damaging and will continue to damage Canon irreparably. Canon has no adequate remedy at law for these wrongs and injuries. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendants from infringing the claims of the '278 patent.

### Third Cause of Action: Infringement of U.S. Patent No. 8,369,744

36.     Canon repeats and incorporates by reference each and every allegation of paragraphs 1 through 35 of this Complaint, as though set forth here in their entirety.

37.     Canon is the sole owner of the entire right, title, and interest in and to the '744 patent, including the right to sue and recover for any and all infringements thereof.

38.     Defendants are directly infringing the '744 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges for use in the Canon and HP monochrome laser beam printers listed above, including but not limited to the aforementioned AC-C0119XC, AC-H0255AC, AC-H0280AC, AC-H0505AC, CE505A-C, PT119HY, PT120, PTCE255A, PTCF280A, and VTCE505A cartridges. Defendants also are indirectly infringing the '744 patent at least by virtue of their inducement of direct infringement of the '744 patent by customers who use Defendants' toner cartridges in the Canon and HP monochrome laser beam printers listed above. At the very latest, Defendants will be given notice of their infringement of the '744 patent upon receiving a copy of this Complaint. Further,

on information and belief, Defendants knowingly induce customers to use their toner cartridges, including, for example, by promoting their cartridges for use in specific printers and/or providing customers with instructions for using their cartridges in those printers.

39. By reason of Defendants' infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

40. Defendants' acts complained of herein are damaging and will continue to damage Canon irreparably. Canon has no adequate remedy at law for these wrongs and injuries. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendants from infringing the claims of the '744 patent.

### Fourth Cause of Action: Infringement of U.S. Patent No. 8,532,533

41. Canon repeats and incorporates by reference each and every allegation of paragraphs 1 through 40 of this Complaint, as though set forth here in their entirety.

42. Canon is the sole owner of the entire right, title, and interest in and to the '533 patent, including the right to sue and recover for any and all infringements thereof.

43. Defendants are directly infringing the '533 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges and the drum units contained therein for use in the Canon and HP monochrome laser beam printers listed above, including but not limited to the aforementioned AC-C0119XC, AC-H0255AC, AC-H0280AC, AC-H0505AC, CE505A-C, PT119HY, PT120, PTCE255A, PTCF280A, and VTCE505A cartridges. Defendants also are indirectly infringing the '533 patent at least by virtue of their inducement of direct infringement of the '533 patent by customers who use Defendants' toner cartridges in the Canon and HP monochrome laser beam printers listed above. At the very latest, Defendants will be given notice of their infringement of the '533 patent upon

receiving a copy of this Complaint. Further, on information and belief, Defendants knowingly induce customers to use their toner cartridges, including, for example, by promoting their cartridges for use in specific printers and/or providing customers with instructions for using their cartridges in those printers.

44.     By reason of Defendants' infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

45.     Defendants' acts complained of herein are damaging and will continue to damage Canon irreparably. Canon has no adequate remedy at law for these wrongs and injuries. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendants from infringing the claims of the '533 patent.

### Fifth Cause of Action: Infringement of U.S. Patent No. 8,565,640

46.     Canon repeats and incorporates by reference each and every allegation of paragraphs 1 through 45 of this Complaint, as though set forth here in their entirety.

47.     Canon is the sole owner of the entire right, title, and interest in and to the '640 patent, including the right to sue and recover for any and all infringements thereof.

48.     Defendants are directly infringing the '640 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges and the drum units contained therein for use in the Canon and HP monochrome laser beam printers listed above, including but not limited to the aforementioned AC-C0119XC, AC-H0255AC, AC-H0280AC, AC-H0505AC, CE505A-C, PT119HY, PT120, PTCE255A, PTCF280A, and VTCE505A cartridges. Defendants also are indirectly infringing the '640 patent at least by virtue of their inducement of direct infringement of the '640 patent by customers who use Defendants' toner cartridges in the Canon and HP monochrome laser beam printers listed above.

At the very latest, Defendants will be given notice of their infringement of the '640 patent upon receiving a copy of this Complaint. Further, on information and belief, Defendants knowingly induce customers to use their toner cartridges, including, for example, by promoting their cartridges for use in specific printers and/or providing customers with instructions for using their cartridges in those printers.

49. By reason of Defendants' infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

50. Defendants' acts complained of herein are damaging and will continue to damage Canon irreparably. Canon has no adequate remedy at law for these wrongs and injuries. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendants from infringing the claims of the '640 patent.

### Sixth Cause of Action: Infringement of U.S. Patent No. 8,630,564

51. Canon repeats and incorporates by reference each and every allegation of paragraphs 1 through 50 of this Complaint, as though set forth here in their entirety.

52. Canon is the sole owner of the entire right, title, and interest in and to the '564 patent, including the right to sue and recover for any and all infringements thereof.

53. Defendants are directly infringing the '564 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges and the drum units contained therein for use in the Canon and HP monochrome laser beam printers listed above, including but not limited to the aforementioned AC-C0119XC, AC-H0255AC, AC-H0280AC, AC-H0505AC, CE505A-C, PT119HY, PT120, PTCE255A, PTCF280A, and VTCE505A cartridges. Defendants also are indirectly infringing the '564 patent at least by virtue of their inducement of direct infringement of the '564 patent by customers who use

Defendants' toner cartridges in the Canon and HP monochrome laser beam printers listed above. At the very latest, Defendants will be given notice of their infringement of the '564 patent upon receiving a copy of this Complaint. Further, on information and belief, Defendants knowingly induce customers to use their toner cartridges, including, for example, by promoting their cartridges for use in specific printers and/or providing customers with instructions for using their cartridges in those printers.

54. By reason of Defendants' infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

55. Defendants' acts complained of herein are damaging and will continue to damage Canon irreparably. Canon has no adequate remedy at law for these wrongs and injuries. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendants from infringing the claims of the '564 patent.

### Seventh Cause of Action: Infringement of U.S. Patent No. 8,433,219

56. Canon repeats and incorporates by reference each and every allegation of paragraphs 1 through 55 of this Complaint, as though set forth here in their entirety.

57. Canon is the sole owner of the entire right, title, and interest in and to the '219 patent, including the right to sue and recover for any and all infringements thereof.

58. Defendants are directly infringing the '219 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges for use in the HP color laser beam printers listed above, including but not limited to the aforementioned AC-H0310K, AC-H0311C, AC-H0312Y, AC-H0313M, CHCE310A, CHCE311A, CHCE312A, and CHCE313A cartridges. Defendants also are indirectly infringing the '219 patent at least by virtue of their inducement of direct infringement of the '219 patent by customers who use

Defendants' toner cartridges in the Canon and HP color laser beam printers listed above. At the very latest, Defendants will be given notice of their infringement of the '219 patent upon receiving a copy of this Complaint. Further, on information and belief, Defendants knowingly induce customers to use their toner cartridges, including, for example, by promoting their cartridges for use in specific printers and/or providing customers with instructions for using their cartridges in those printers.

59. By reason of Defendants' infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

60. Defendants' acts complained of herein are damaging and will continue to damage Canon irreparably. Canon has no adequate remedy at law for these wrongs and injuries. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendants from infringing the claims of the '219 patent.

### Eighth Cause of Action: Infringement of U.S. Patent No. 8,437,669

61. Canon repeats and incorporates by reference each and every allegation of paragraphs 1 through 60 of this Complaint, as though set forth here in their entirety.

62. Canon is the sole owner of the entire right, title, and interest in and to the '669 patent, including the right to sue and recover for any and all infringements thereof.

63. Defendants are directly infringing the '669 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges for use in the HP color laser beam printers listed above, including but not limited to the aforementioned AC-H0310K, AC-H0311C, AC-H0312Y, AC-H0313M, CHCE310A, CHCE311A, CHCE312A, and CHCE313A cartridges. Defendants also are indirectly infringing the '669 patent at least by virtue of their inducement of direct infringement of the '669 patent by customers who use

Defendants' toner cartridges in the Canon and HP color laser beam printers listed above. At the very latest, Defendants will be given notice of their infringement of the '669 patent upon receiving a copy of this Complaint. Further, on information and belief, Defendants knowingly induce customers to use their toner cartridges, including, for example, by promoting their cartridges for use in specific printers and/or providing customers with instructions for using their cartridges in those printers.

64. By reason of Defendants' infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

65. Defendants' acts complained of herein are damaging and will continue to damage Canon irreparably. Canon has no adequate remedy at law for these wrongs and injuries. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendants from infringing the claims of the '669 patent.

### Ninth Cause of Action: Infringement of U.S. Patent No. 8,494,411

66. Canon repeats and incorporates by reference each and every allegation of paragraphs 1 through 65 of this Complaint, as though set forth here in their entirety.

67. Canon is the sole owner of the entire right, title, and interest in and to the '411 patent, including the right to sue and recover for any and all infringements thereof.

68. Defendants are directly infringing the '411 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges for use in the HP color laser beam printers listed above, including but not limited to the aforementioned AC-H0310K, AC-H0311C, AC-H0312Y, AC-H0313M, CHCE310A, CHCE311A, CHCE312A, and CHCE313A cartridges. Defendants also are indirectly infringing the '411 patent at least by virtue of their inducement of direct infringement of the '411 patent by customers who use

Defendants' toner cartridges in the Canon and HP color laser beam printers listed above. At the very latest, Defendants will be given notice of their infringement of the '411 patent upon receiving a copy of this Complaint. Further, on information and belief, Defendants knowingly induce customers to use their toner cartridges, including, for example, by promoting their cartridges for use in specific printers and/or providing customers with instructions for using their cartridges in those printers.

69. By reason of Defendants' infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

70. Defendants' acts complained of herein are damaging and will continue to damage Canon irreparably. Canon has no adequate remedy at law for these wrongs and injuries. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendants from infringing the claims of the '411 patent.

### Prayer for Relief

WHEREFORE, Canon respectfully requests the Court to enter judgment as follows:

A. That Defendants have directly infringed, indirectly infringed, and induced others to infringe the '304, '278, '744, '533, '640, '564, '219, '699, and '411 patents;

B. That Defendants and their subsidiaries, affiliates, officers, agents, servants, employees, attorneys, successors, and assigns, and all other persons and organizations in active concert or participation with them, be preliminarily and permanently enjoined from further acts of infringement of the '304, '278, '744, '533, '640, '564, '219, '699, and '411 patents;

C. That Defendants be ordered to pay damages adequate to compensate Canon for Defendants' infringement of the '304, '278, '744, '533, '640, '564, '219, '699, and '411 patents,

including without limitation lost profits and/or a reasonable royalty, together with interest thereon; and

   D. That Canon be granted such other and additional relief as the Court deems just and proper.

### Jury Demand

Canon hereby demands a jury trial as to all issues so triable.

Respectfully submitted,

Dated: January 29, 2014

*/s/ Michael C. Sandonato*

Nicholas M. Cannella (NC9543)
Michael P. Sandonato (MS4278)
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
E-mail: ncannella@fchs.com, msandonato@fchs.com

Of Counsel:

Edmund J. Haughey
Stephen E. Belisle
Seth E. Boeshore
FITZPATRICK, CELLA, HARPER & SCINTO
975 F Street, NW
Washington, DC 20004-1462
Tel: (202) 530-1010
Fax: (202) 530-1055
E-mail: ehaughey@fchs.com, sbelisle@fchs.com, sboeshore@fchs.com

Attorneys for Plaintiff Canon Inc.